UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          13 CV 0501
--------------------------------------------------------X
QUENTIN MILES,

                Plaintiff,                    **AMENDED COMPLAINT &**
    v.                                                          **JURY DEMAND**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE SERGEANT
VITALIY ZELIKOV, Shield # 1346, 165th Command,
NEW YORK CITY POLICE OFFICER
AKIYA DAVID, Shield # 948852, 77th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE, 77th Precinct,

                Defendant(s).
--------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, QUENTIN MILES, seeks redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. The Plaintiff, QUENTIN MILES is a United States Citizens and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendants, New York City Police Officers SERGEANT VITALIY ZELIKOV, Shield # 1346, of the 165 Command, NEW YORK CITY POLICE OFFICER AKIYA DAVID, Shield # 948852 and NEW YORK CITY POLICE OFFICER JOHN DOE, upon information and belief of the 77th Precinct, are and at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendants, SERGEANT ZELIKOV and OFFICERS DAVID and DOE, are sued individually and in their official capacity. At all times relevant, Defendants SERGEANT VITALIY ZELIKOV, OFFICER AKIYA DAVID and OFFICER JOHN DOE were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of

THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendant SERGEANT ZELIKOV, and Defendant OFFICER AKIYA DAVID and OFFICER JOHN DOE were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

**STATEMENT OF FACTS**

11. On July 6, 2011 at approximately 5:00 p.m., the Plaintiff was walking in the vicinity of Nostrand Avenue and Park Place in Kings County when he walked by Defendant OFFICER AKIYA

DAVID, who was stationed on a foot-post on Park Place, just west of Nostrand Avenue. As the Plaintiff passed by, Defendant NEW YORK CITY POLICE OFFICER AKIYA DAVID asked the Plaintiff, in sum and substance: "what are your looking at" and, "you think you're tough, I got something for you", whereupon the Plaintiff told Defendant OFFICER AKIYA DAVID in sum and substance "you just stay there and do your job". The Plaintiff proceeded to walk to his residence, located at 804 Park Place in Kings County. A few minutes later the Plaintiff's uncle, TITO ROLLINS, came to the Plaintiff's apartment and told the Plaintiff that members of the NEW YORK CITY POLICE DEPARTMENT were downstairs and wanted to speak with the Plaintiff. The Plaintiff proceeded to go downstairs where he observed Defendant POLICE OFFICER AKIYA DAVID and Defendant POLICE OFFICER JOHN DOE outside of his building. Defendant OFFICER AKIYA DAVID proceeded to order the Plaintiff to produce identification, whereupon the Plaintiff informed Defendant OFFICER AKIYA DAVID that his identification was upstairs in his apartment. Defendant OFFICER AKIYA DAVID and Defendant OFFICER JOHN DOE, without lawful reason or cause, then entered the Plaintiff's building and placed the Plaintiff under arrest, handcuffing his hands behind his back. Despite the request of the Plaintiff and his uncle, Defendant OFFICER AKIYA DAVID and Defendant OFFICER JOHN DOE refused to allow either the Plaintiff or the Plaintiff's uncle to retrieve the Plaintiff's identification from his apartment. A few minutes later, while the Plaintiff was still handcuffed, Defendant NEW YORK CITY POLICE SERGEANT VITALIY ZELIKOV, Shield # 1346, who had arrived at the location at the request of Defendant Officer AKIYA DAVID, entered the vestibule area and immediately withdrew his taser and proceeded to tase the Plaintiff's uncle in the arm. When Defendant SERGEANT ZELIKOV was informed by Defendant OFFICERS DOE and DAVID that he tased the wrong individual, Defendant

SERGEANT ZELIKOV proceeded to use the taser on the Plaintiff, striking the Plaintiff in the right shoulder.  As the Plaintiff began to fall to the floor, Defendant SERGEANT ZELIKOV proceeded to use the taser on the Plaintiff a second time, striking the Plaintiff in the head.  As the Plaintiff lay on the ground in a fetal position with his hands still cuffed behind his back, Defendant SERGEANT ZELIKOV proceeded to use the taser on the Plaintiff a third time, striking the Plaintiff in the middle of his back.  Each taser strike caused an electric current to enter the body of the Plaintiff, causing the Plaintiff intense physical pain and discomfort, as well as physical injury to the Plaintiff's body in the areas tased.  The Plaintiff was then placed in a NEW YORK CITY POLICE DEPARTMENT vehicle by the named Defendant Officers, whereupon he was transported to the 77th Precinct, where he was searched and fingerprinted by members of the NEW YORK CITY POLICE DPARTMENT.  While at the 77th Precinct the Plaintiff began coughing up blood, causing the Plaintiff to suffer extreme emotional upset, and requiring the response of Emergency Medical personnel from THE NEW YORK CITY FIRE DEPARTMENT.  The Plaintiff was subsequently transported to Central Booking, where the Plaintiff was subjected to a second physical search, and was photographed by members of the NEW YORK CITY POLICE DEPARTMENT.  The Plaintiff was eventually released from the custody of Defendant OFFICER AKIYA DAVID and the NEW YORK CITY POLICE DEPARTMENT after being detained for approximately twenty four hours, without ever seeing a Judge or speaking with a lawyer and without being charged with a crime by THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, False Arrest.**

12. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, the conduct of Defendant New York City Police Officer AKIYA DAVID, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully arresting the Plaintiff, without lawful cause or reason.

14. That the actions of Defendant New York City Police Officer AKIYA DAVID occurred in and during the course and scope of her duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of rights secured by section 42 U. S.C. 1983 and the Fourteenth Amendment to the United States Constitution, Excessive Force**

15. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, the conduct of Defendant New York City Police SERGEANT VITALIY ZELIKOV acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully using Excessive Force upon Plaintiff without lawful reason or cause.

17. That the actions of Defendant New York City Police SERGEANT VITALIY ZELIKOV occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and

hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

**Violation of the rights secured by section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest**

18. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully handcuffing the Plaintiff without lawful reason or cause.

20. That the actions of Defendant New York City Police Officer JOHN DOE occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendants New York City Police Officers AKIYA DAVID, VITALIY ZELIKOV and Officer JOHN DOE.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: March 5, 2013

                                                                            _____

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com